```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA
                            RENO, NEVADA
```

IN RE ORMAT TECHNOLOGIES, INC.    )    3:10-cv-00177-ECR-RAM
DERIVATIVE LITIGATION             )
                                  )
                                  )    **Order**
                                  )
This Document Relates To:         )
                                  )
ALL ACTIONS                       )
                                  )
                                  )
                                  )

    This case arises from a derivative lawsuit filed by Ormat Technology, Inc.'s ("Ormat") shareholders.  Now pending is Ormat's Second Motion to Dismiss or Stay Pending First Filed State Court Derivative Action and Related Federal Securities Class Action (#27).
    The motion is ripe, and we now rule on it.

## I. Background

**A. Securities Class Action**

    On March 9, 2010, Wayne Szymborski filed a complaint for violations of federal securities law against Ormat and certain individual defendants in the U.S. District Court of Nevada.  Two other related securities class action suits were also brought against Ormat.  On June 3, 2010, this Court consolidated the three related securities class action suits.  On July 9, 2010, lead plaintiffs Jianxun Dong, George Umino, and A.R.D. Investment Club,

L.P. filed a consolidated class action complaint for violations of federal securities law in the U.S. District Court of Nevada ("Securities Class Action"). (Sec. Class Action Compl. at 1, 79 (#28-4).)[1]

Lead plaintiffs sued Yehudit Bronicki and Joseph Tenne and alleged two causes of action. (Id. at 4, 74, 77.) In the first cause of action, lead plaintiffs alleged violations of Section 10(b) of the Exchange Act and Rule 10b-5 because defendants employed schemes to defraud, made untrue statements of material fact, and engaged in practices which operated as fraud and deceit upon purchasers in an effort to maintain artificially high market prices for Ormat's securities. (Id. at 74.) In the second cause of action, lead plaintiffs alleged violations of Section 20A of the Exchange Act. (Id. at 77.) Lead plaintiffs sought the following relief: (a) class action certification, (b) compensatory damages, and (c) costs and fees for bringing the action. (Id. at 78.)

**B. State Derivative Action**

On September 7, 2010, Thomas Hebel and J.L.B. Stolz filed a consolidated derivative complaint in the Second Judicial District Court in Washoe County ("State Derivative Action"). (State Compl. at 2, 73 (#28-12).)[2] The state plaintiffs sued all of the same defendants listed in the federal derivative action with the exception of Joseph Tenne. (See id. at 6-7.) State plaintiffs

---

[1] The page numbers in the Securities Class Action citation refer to the complaint's original page numbers and not the CM/ECF numbering.

[2] The original state court complaint was filed on March 16, 2010. (See Second Mot. to Dismiss or Stay (#27) at 7).

alleged that defendants had made false and/or misleading statements and had failed to disclose that the company improperly capitalized costs for individual projects it had abandoned instead of expensing the costs.  (Id. at 4.)  As a result, the company's financial results were overstated, not prepared in accordance with the Generally Accepted Accounting Principles ("GAAP"), and were materially false and misleading.  (Id.)  State plaintiffs alleged that Ormat misrepresented and failed to disclose material adverse facts regarding severe operational issues plaguing its North Brawley, California, geothermal projects.  (Id.)

State plaintiffs alleged six causes of action against all defendants.  (Id. at 67-69.)  In the first cause of action, state plaintiffs alleged a breach of fiduciary duty because defendants improperly misrepresented the business prospects of the company and failed to correct the company's public announcements.  (*Id.* at 67).  In the second cause of action, state plaintiffs alleged abuse of control.  (Id.)  In the third cause of action, state plaintiffs alleged gross mismanagement.  (Id. at 68.)  In the fourth cause of action, state plaintiffs alleged waste of corporate assets.  (Id.)  In the fifth cause of action, state plaintiffs alleged unjust enrichment.  (Id. at 69.)  In the sixth cause of action, state plaintiffs alleged contribution and indemnification.  (Id.)  State plaintiffs sought the following relief:  (a) constructive trust; (b) restitution; and (c) costs and fees for bringing this action.  (Id. at 70.)

///

///

3

### C. Federal Derivative Action

On March 29, 2010, Travis Branam, on behalf of Ormat,[3] filed a derivative complaint in this District against certain members of Ormat's board of directors and executive officers. (Complaint at 1-2 (#1).) On August 31, 2010, the Court granted an order consolidating <u>Branam v. Bronicki</u> with <u>Pipefitters Local 537 Annuity Fund v. Bronicki, et al.</u>, no. 3:10-cv-336-LRH-VPC, filed on June 6, 2010. (Order at 6 (#16).) The consolidated case is known as <u>In re Ormat Technologies, Inc., Derivative Litigation</u>, 3:10-cv-177-ECR-RAM. (<u>Id.</u> at 7.) The Court granted Plaintiffs leave to file a consolidated complaint which would be the operative complaint. (<u>Id.</u> at 10.) On October 28, 2010, Plaintiffs filed a Verified Consolidated Shareholder Derivative Complaint. (Consolidated Compl. (#21).) That same day Travis Branam filed a motion to withdraw as plaintiff and substitute Don B. Dale as plaintiff. (Mot. to Substitute Pl. at 1 (#20).) Judge McQuaid granted that motion. (Minute Order (#26).)

In the consolidated derivative complaint, Plaintiffs sued current and/or former members of Ormat's board of directors and executive officers[4] for actions taken between March 2008 and the present. (Consolidated Compl. at 2 (#21).) According to the complaint, Ormat was engaged in the geothermal and recovered energy

---

[3] Ormat is the nominal defendant in this case.

[4] Specifically, Plaintiffs sued Yehudit Bronicki (Chief Executive Officer), Joseph Tenne (Chief Financial Officer), Lucien Bronicki (Chief Technology Officer), Yoram Bronicki (Chief Operating Officer), Dan Falk (Director), Jacob Worenklein (Director), Roger Gale (Director), and Robert Clarke (Director) (collectively "Defendants"). (Consolidated Compl. at 6-8 (#21).)

4

power business in the United States and abroad.  (Id.)  The complaint alleged the following.  (Id.)  Defendants "engaged in a false and misleading accounting scheme designed to artificially inflate [Ormat's] net income, and in turn, artificially inflate the dividends paid on [Ormat's] stock."  (Id.)  Instead of using the "successful efforts" method to expense costs, Defendants used the "full cost" method.  (Id. at 3.)  Defendants "improperly capitalized costs with [Ormat's] abandoned projects, instead of expensing those costs" in violation of GAAP.  (Id. at 2-3.)  Defendants continued to use this accounting scheme after the Securities and Exchange Commission ("SEC") informed Defendants about serious issues involving their accounting practices.  (Id. at 3.)  Defendants continued to use this scheme until February 24, 2010, when the SEC forced Defendants to disclose to the public that the company's financial statement for year end December 31, 2008, and the first three quarters of 2009, could not be relied upon and had to be restated.  (Id.)  During the relevant time period, Defendants issued a series of false or misleading statements and failed to disclose material adverse facts about the company's business, operations, and prospects.  (Id. at 4.)  Defendants wanted to artificially inflate the company's net income, profits, share price, and dividends. (Id.)  Defendants wanted to artificially inflate dividends in order to protect the Bronicki family's ownership interest.  (Id. at 5.) The Bronicki family owned 35% of Ormat Industries Ltd., which owned 56% of Ormat.  (Id.)  The Bronicki family used their ownership interest as collateral for a loan they took out in response to a takeover attempt in December 2007.  (Id.)  A decline in stock price

5

would have caused the Bronicki family to lose half of their ownership interest in Ormat.  (Id.) The artificially inflated dividends provided the Bronicki family with income to pay down the loan without selling collateral shares or risk losing their controlling interest in the company.  (Id.)

The complaint alleged the following causes of action against all Defendants.  (Id. at 62.)  In the first count, Plaintiffs alleged a breach of fiduciary duty for disseminating false and misleading information.  (Id.)  In the second count, Plaintiffs alleged a breach of fiduciary duty for failing to maintain internal controls to ensure that Ormat's financial statements were prepared in accordance with GAAP.  (Id. at 63.)  In the third count, Plaintiffs alleged a breach of the fiduciary duties of loyalty and good faith for failing to properly apply the proper accounting treatment to Ormat's abandoned geothermal projects.  (Id.)  In the fourth count, Plaintiffs alleged unjust enrichment at the expense and detriment of Ormat.  (Id. at 64.)  In the fifth count, Plaintiffs alleged abuse of control by allowing Ormat to misrepresent material facts regarding its financial position and business prospects.  (Id. at 64-65.)  In the sixth count, Plaintiffs alleged gross mismanagement.  (Id. at 65.)  In the seventh count, Plaintiffs alleged a waste of corporate assets for causing Ormat to incur significant legal liability and/or legal costs to defend itself as a result of Defendants' unlawful actions.  (Id. at 66.) Plaintiffs sought: (a) the amount of damages sustained by the company as a result of the fiduciary breaches; (b) to compel the company to take all necessary actions to reform and improve its

6

1  corporate governance and internal procedures; (c) restitution and
2  disgorgement of profits; and (d) costs and fees for bringing this
3  suit.  (Id. at 66-67.)
4      On March 7, 2011, the case was reassigned to this Court from
5  Judge Robert C. Jones because of the pending securities class
6  action.
7      Now pending before this Court is Ormat's Second Motion to
8  Dismiss or Stay Pending First Filed State Court Derivative Action
9  and Related Federal Securities Class Action Litigation ("the
10 Motion") (#27).  Ormat filed the Motion (#27) on December 13, 2010.
11 On January 12, 2011, Plaintiffs opposed (#29).  On February 2, 2011,
12 Defendant replied (#31) in support of the Motion (#27).

## II. Discussion

15     Ormat requests a stay of this derivative shareholder action
16 pending the outcome of the Securities Class Action, and/or the State
17 Derivative Action.  We will consider Ormat's arguments for a stay
18 pending the outcome of each action separately.

### A. Securities Class Action

20     "[T]he power to stay proceedings is incidental to the power
21 inherent in every court to control the disposition of the causes on
22 its docket with economy of time and effort for itself, for counsel,
23 and for litigants."  Landis v. North America Co., 299 U.S. 248, 254
24 (1936).  The court has discretion to grant a stay when the stay
25 serves the interests of judicial economy and efficiency.  Rivers v.
26 Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).  The
27 court should consider "the possible damage which may result from the

7

granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Filtrol Corp. v. Kelleher, 467 F.2d 242, 244 (9th Cir. 1972).

Ormat argues that this case should be stayed pending the outcome of the Securities Class Action to prevent harm to itself and to promote judicial efficiency. (Second Mot. to Dismiss or Stay at 9-10 (#27).) It argues that, if Plaintiffs proceed with this case, they would aid the class action plaintiffs in obtaining damages against Ormat. (Id. at 10.) Additionally, it argues that the Securities Class Action raised similar issues based on the same allegedly false public statements. (Id. at 12.) It argues that the same issues must be resolved in both cases and it would constitute a waste of scarce judicial resources to litigate the issues twice. (Id. at 12-13.) It also asserts that this action is premature because the relief sought in this case depends on the outcome of the Securities Class Action. (Id. at 13.)

In response, Plaintiffs argue that the action should not be stayed pending a decision in the Securities Class Action because the two cases are substantially different because one is a derivative suit and the other is a lawsuit against the company. (Opp. to Second Mot. to Dismiss or Stay at 13 (#29).) They assert that their claims are legally cognizable and are not dependent on the outcome of the Securities Class Action. (Id. at 17.)

8

A shareholder derivative suit "allows shareholders to bring claims for the enforcement of a company's rights against the company directors if the company has not enforced those rights itself." Breault v. Folino, No. SACV10826GLTANX, 2002 WL 31974381 at *1 (C.D. Cal. 2002) (citing F<small>ED</small>. R. C<small>IV</small>. P. 23.1). A balance must be struck between legitimate corporate claims in a derivative shareholder suit and a corporation's best interests. Zapata Corp. v. Maldonado, 430 A.2d 779, 789 (Del. 1981). The concerns of hardship and equity to the moving party are especially relevant in shareholder derivative cases when a securities class action suit is proceeding on the same issues. See, e.g., Cucci v. Edwards, No. SACV 07-532 PSG (MLGx), 2007 WL 3396234 at *2 Breault, 2002 WL 31974381 at *2.

A stay of this derivative action is warranted because of the duplicative nature of the two actions, and the potential harm to Ormat, the party on whose behalf this derivative suit has been brought. Prosecution of this action will "conflict with [Ormat's] defense of the pending class action[]." Breault, 2002 WL 31974381 at *2. Defendants are witnesses that Ormat will rely upon in the Securities Class Action. In order for Plaintiffs to succeed, Plaintiffs will need to undermine the credibility of Ormat's witnesses and defense in the Securities Class Action. See id.; cf. In re E.F. Hutton Banking Practices Litig., 634 F. Supp. 265, 270 (S.D.N.Y. 1986) ("the directors whom plaintiffs wish to sue would be important witnesses for the Corporation in all of this existing and threatened litigation"). Furthermore, this action will "divert [Ormat's] financial and management resources from the [Securities

9

Class Action]." Breault, 2002 WL 31974381 at *2; see also Cucci, 2007 WL 3396234 at *2.

    A stay of this action would also preserve judicial resources because the claims and parties in the two lawsuits substantially overlap. Plaintiffs claim that the issues and parties do not overlap because this action names six individual defendants from Ormat's Board of Directors who are not parties to the Securities Class Action. (Opp. to Second Mot. to Dismiss or Stay at 14 (#29).) The fact that Plaintiffs in this case are not lead plaintiffs in the Securities Class Action, and that there are additional defendants in this case, do not require a finding that a stay is not warranted. We do not believe that the two actions must involve exactly the same parties and that Plaintiffs of a shareholder derivative suit must be the lead plaintiffs in the class action suit in order for a stay. Plaintiffs also claim that the issues are different because the Securities Class Action alleges that Ormat and two of its officers defrauded investors by knowingly making false statements about Ormat's accounting methods in violation of federal securities laws, whereas this action alleges breach of fiduciary duty and other state law claims. (Id.) However, both lawsuits are based on Defendants' accounting practices and public financial statements during 2008 and 2009. The difference in claims arises from the nature of each action, that is, the way in which all shareholder derivative actions differ from securities class actions.

    Nor do we find Plaintiffs' claim that a stay will actually result in more harm to Ormat because "witnesses will scatter,

10

documents will be lost, and memories will inevitably fade" a compelling argument. (Opp. to Second Mot. to Dismiss or Stay at 14-15 (#29).) Plaintiffs may be able to benefit from the proceedings in the Securities Class Action, and any potential harm from delayed litigation is more than outweighed by the harm of denying the stay and forcing Ormat to expend resources on this derivative suit, and the harm to Ormat of having its witnesses for the Securities Class Action undermined in this action.

Therefore, we find that the harm to Ormat, as well as the interests of judicial economy, outweigh any suggested prejudice to Plaintiffs. This action will be stayed pending the outcome of the Securities Class Action.[5]

**B. State Derivative Action**

Ormat argues that the case should be dismissed or stayed pursuant to the doctrine announced in Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). (Second Mot. to Dismiss or Stay at 13 (#27).) Under the Colorado River doctrine, a court may stay federal proceedings pending the resolution of a concurrent state court proceeding involving the same matter based on considerations of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Holder v. Holder, 305 F.3d 854, 867 (9th Cir. 2002) (quoting Colorado River, 424 U.S. at

---

[5] We note that there are defendants in this action that are not involved in the Securities Class Action. Proceeding with the action with respect to those defendants, however, and not to other defendants, would not be an efficient use of judicial resources, and would result in harm to Ormat, and therefore, the entire action shall be stayed.

11

817, 96 S.Ct. at 1246); see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983).  The Ninth Circuit has held that "exact parallelism . . . is not required" and that it is "enough if the two proceedings are 'substantially similar.'" Nakash v. Marciano, 882 F.2d 1411, 1416 (9th Cir. 1989).  "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." Commercial Cas. Ins. v. Swarts, Manning & Assoc., 616 F.Supp.2d 1027, 1032-33 (D. Nev. 2007).  Because "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule," a district court may dismiss or stay an action only in "exceptional circumstances." Colorado River, 424 U.S. at 813.

Under the exceptional-circumstances test, a court considers the following factors: (1) whether either court has assumed jurisdiction over a *res* or property; (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; and (6) whether the state proceeding is adequate to protect the parties' rights.  Nakash, 882 F.2d at 1415. A court may also consider  whether a party is forum shopping in order to avoid adverse rulings by the state court.  Id. at 1417. These "factors are to be applied in a pragmatic and flexible way, as part of a balancing process rather than as a 'mechanical checklist.'" Am. Int'l Underwriters (Phillipines), Inc. v. Cont'l Ins. Co., 843 F.2d 1253, 1257 (9th Cir. 1988) (quoting Moses H. Cone, 460 U.S. at 16).

Ormat argues that the State Derivative Action and the current case are nearly identical because they are both derivative suits that allege breach of fiduciary duty, abuse of control, gross mismanagement, waste of corporate assets, and unjust enrichment. (Second Mot. to Dismiss or Stay at 15 (#27).) With respect to the Colorado River factors, it asserts that the first two factors are irrelevant because neither action concerns a property dispute and both courts are located in Nevada. (Id. at 16.) It argues that the piecemeal-litigation factor favors abstention because both cases are predicated on showing the same breach of fiduciary duty and the two courts could reach inconsistent results. (Id.) Under the fourth factor, it asserts that the parties have been more active in the State Derivative Action because it filed a motion to dismiss for failure to plead particularized facts there. (Id. at 18.) It asserts that the fifth and sixth factors favor abstention because the causes of action are based on state law and could be adequately adjudicated in state court. (Id. at 18-19.) It also argues that Plaintiffs engaged in forum shopping because they intentionally chose federal court to avoid consolidation with the State Derivative Action. (Id. at 19.)

In response, Plaintiffs contend that this action and the State Derivative Action are not parallel because they involve different parties, different claims, and different time periods. (Opp. to Second Mot. to Dismiss or Stay at 20-21 (#29).) They argue that, even if the cases were parallel, the factors weigh against abstention. (Id. at 21-22.) They argue that the first two factors weigh against abstention because there is no property and the forum

13

1  is not inconvenient.  (Id. at 22.)  They argue that the State
2  Derivative Action has not progressed significantly further than this
3  case because it is only at the motion to dismiss stage.  (Id. at
4  25.)  They assert that, although state law does apply, it does not
5  present rare circumstances in which the federal court should dismiss
6  the suit.  (Id. at 26.)  They contend that the state court would not
7  adequately protect the parties' rights because the State Derivative
8  Action does not name one of the defendants listed in the current
9  action.  (Id. at 27.)  They assert that their choice to file in
10 federal court is not paramount to forum shopping because Ormat has
11 not presented any evidence of bad faith.  (Id.)
12      Here, the instant case and the State Derivative Action are
13 substantially similar to each other.  Both sets of plaintiffs,
14 although different, are suing substantially the same board of
15 directors/officers on behalf of Ormat, for breach of their fiduciary
16 duties related to misleading accounting practices related to the
17 abandoned geothermal projects.  Additionally, both sets of
18 plaintiffs are suing for abuse of control, gross mismanagement,
19 waste of corporate assets, and unjust enrichment.
20      Under the exceptional-circumstances test, neither the first nor
21 second factors are relevant to this case.  There is no property in
22 dispute that is the sort of tangible physical property referred to
23 in Colorado River.  See Am. Int'l Underwriters, 843 F.2d at 1257-58.
24 Additionally, because both forums are located in Reno, Nevada, both
25 are equally convenient.  See Nakash, 882 F.2d at 1415 n.6.
26      Under the third factor, piecemeal litigation "occurs when
27 different tribunals consider the same issue, thereby duplicating

14

efforts and possibly reaching different results." Am. Int'l Underwriters, 843 F.2d at 1258. However, the Ninth Circuit has stated that "conflicting results, piecemeal litigation, and some duplication of judicial effort is the unavoidable price of preserving access to . . . federal relief." Neuchatel Swiss Gen. Ins. v. Lufthansa Airlines, 925 F.2d 1193, 1195 (9th Cir. 1991) (quotations omitted). "A correct evaluation of this factor involves considering whether exceptional circumstances exist which justify special concern about piecemeal litigation." Travelers Indem. Co. v. Madonna, 914 F.2d 1364, 1369 (9th Cir. 1990). In Travelers, the Ninth Circuit found that if the state court had not made any rulings in regard to the dispute, there was "no certainty that duplicative effort would result." Id. The Ninth Circuit held that "whichever court were to first reach a judgment on the merits, that judgment would most likely have conclusive effect on the other court." Id.

   Here, the third factor weighs against a stay. It is true that, if both cases were to proceed, both courts would adjudicate whether Defendants had breached their fiduciary duties. However, Ormat has not demonstrated that there is anything exceptional in this case that would justify special concern about this piecemeal litigation. The only dispositive motion filed in this case has been an un-ruled upon motion to dismiss in the state court and, as such, there is no certainty that a duplicative effort would result in the courts. (See Second Mot. to Dismiss or Stay at 18 (#27)); Travelers, 914 F.2d at 1369.

   Under the fourth factor, order in which the forums obtained jurisdiction, the Court examines  "how much progress has been made

15

in the two actions." <u>Moses H. Cone</u>, 460 U.S. at 21.  Here, the State Derivative Action has not progressed much further than this case.  The only filing made in state court has been a motion to dismiss, which has yet to be ruled on.  Thus, this factor weighs against a stay.

Under the fifth factor, the source-of-law factor, "the presence of state-law issues may weigh in favor of a surrender" only "in some rare circumstances." <u>Moses H. Cone</u>, 460 U.S. at 26.  Here, the case involves routine issues of state law breach of fiduciary duty, abuse of control, gross mismanagement, waste of corporate assets, and unjust enrichment.  This Court is fully capable of deciding these issues and, as such, there are no "rare circumstances." <u>See</u> <u>Travelers</u>, 914 F.2d at 1370 (holding that there were no rare circumstances where a district court was fully capable of deciding a case involving routine issues of state law such as misrepresentation, breach of fiduciary duty, and breach of contract).  Therefore, this factor weighs against a stay.

Under the sixth factor, whether the state proceeding is adequate to protect the parties' rights,  a court must determine "the state court's adequacy to protect federal rights, not the federal court's adequacy to protect state rights." <u>Travelers</u>, 914 F.2d at 1370.  The Ninth Circuit has "not applied this factor against the exercise of federal jurisdiction, only in favor of it." <u>Id.</u>  In this case, this factor is unhelpful because there are no federal causes of action in this case and, thus, this Court has no concern whether the state court may adequately protect federal rights.

16

Under the forum-shopping factor, "forum shopping weighs in favor of a stay when the party opposing the stay seeks to avoid adverse rulings made by the state court or to gain a tactical advantage from the application of federal court rules." Travelers, 914 F.2d at 1371.  Ormat does not allege that Plaintiffs had either of these purposes in mind when they chose federal court.  (See Second Mot. to Dismiss or Stay at 19 (#27) (arguing that Plaintiffs chose federal court to avoid consolidation with the State Derivative Action)).  Even if Plaintiffs chose federal court to avoid state court consolidation, it would not be the type of forum shopping that would weigh in favor of a Colorado River stay or dismissal.

Accordingly, there are no exceptional circumstances in this case that warrant a Colorado River stay or dismissal.  Therefore, we will deny Ormat's motion to dismiss or stay pending the first filed State Derivative Action (#27).

### III. Conclusion

Ormat requests a stay pending the outcome of the Securities Class Action and/or the State Derivative Action.  Because of the similarity of the issues, claims, and parties between the Securities Class Action and this action, as well as the potential for substantial harm to Ormat if this case were to proceed alongside the Securities Class Action, this action will be stayed pending the outcome of the Securities Class Action.  However, because Ormat has failed to show exceptional circumstances warranting a stay of this action pending the State Derivative Action, the stay granted extends only to the conclusion of the Securities Class Action.

17

**IT IS, THEREFORE, HEREBY ORDERED** that Ormat's Second Motion to Dismiss or Stay Pending First Filed State Court Derivative Action and Related Federal Securities Class Action Litigation (#27) is **GRANTED IN PART AND DENIED IN PART** on the following basis: this action is stayed pending the outcome of the federal Securities Class Action (3:10-CV-00156-ECR-RAM), but is not stayed with respect to the State Derivative Action.

DATED: August 29, 2011.

_____
UNITED STATES DISTRICT JUDGE